IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD D. MAYOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-cv-1347-JPG |
| | ) |
| CHRIS THARP, | ) |
| CAPTAIN RIDING, | ) |
| KYLE NAPP, | ) |
| and T. LUKE YAGER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of Plaintiff Richard D. Mayor's Complaint, wherein he alleges that while detained at the Madison County Jail he has been prevented from accessing materials that are needed to prepare for his criminal trial. (Doc. 1). Plaintiff is a detainee at the Madison County Jail ("Jail"), who brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at the Jail. (*Id*.). Plaintiff seeks his release on bond to prepare his case, a dismissal of the criminal lawsuit, or monetary relief. (Doc. 1, p. 5). The Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**Complaint**

Plaintiff alleges that while in custody on two counts of murder he has not been able to review video footage, or to send paperwork to the court to gather evidence. On numerous occasions, he was taken to a video machine at the Jail to view footage, but neither he nor jail staff were able to get the machine to work properly. (Doc. 1, p. 4). Plaintiff has also filed grievances about this issue, and he has notified the criminal court (Judge Napp and Assistant State Attorney Luke Yager), to no avail. He alleges that Judge Napp told him, "this is not the courts problem, your pro se if you had a lawyer you would not be going threw this." (*Id*. at 5). Plaintiff lists his injuries as "mental stress" due to the circumstances leading up to his incarceration.

As relief, Plaintiff seeks to be released on bond so that he can actively pursue his defense, or he seeks dismissal of the criminal case. He explains that "everyone [at the Jail] going pro se are being treated unfairly to get us to take an attorney from the public defender's office." (*Id*.). In the alternative, he seeks $300.00 for his mental stress and grief.

**Discussion**

Plaintiff's complaint will be dismissed for multiple reasons. First, to the extent that he seeks to interfere with his ongoing state court criminal proceedings, this Court abstains from interfering in ongoing state court criminal litigation. *Younger v. Harris*, requires federal courts to abstain or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings, 401 U.S. 37, 43-44 (1971). *See also, Mulholland v. Marion Cty. Election Bd*., 746 F.3d 811, 815 (7th Cir. 2014). By his own allegations, Plaintiff's criminal proceedings were ongoing at the time he filed this case, and there has been no indication that the proceedings have concluded. Plaintiff's criminal case proceedings involve the very evidence he seeks via this case, the proceedings are judicial in nature, implicate important state interests in enforcing their own

laws, and Plaintiff will have an opportunity to present his constitutional issues in that case. The Court sees no reason to interfere with Plaintiff's ongoing state proceedings.

Second, the Court notes that it is unlikely Plaintiff has any viable claim premised on the facts he has identified. Prisoners have a fundamental right of meaningful access to the courts, and this right extends to pretrial detainees. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When analyzing claims for the denial of court access, the court uses a two-part test. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

Plaintiff's allegations focus only on the first prong of this test. He claims that the defendants collectively[1] impeded his ability to review discovery in his criminal case by denying him access to machinery that would play video evidence, or by preventing him from filing things with the criminal court to obtain evidence. Plaintiff sets forth no facts which suggest that the defendants caused any measurable detriment to his criminal case. The allegations fail to state any

---

[1] The Court also notes that Section 1983 liability is premised on personal involvement, and Plaintiff's allegations are not sufficient to describe personal involvement of the named defendants. Plaintiff lists Tharp and Riding, two Jail captains, in the caption, but he does not describe their individual actions in the body text of his complaint. This is insufficient. Additionally, he names Defendant Yager in the body text, but he does not clearly explain what Yager's role is in the facts presented. As to Defendant Napp—the state court judge—judges have immunity from almost all claims related to their role in presiding over cases, so it is unlikely Plaintiff could plead a viable claim against Judge Napp.

claim for relief against the defendants. Further, Plaintiff's allegations suggest that he choose to pursue his case without a public defender, which would preclude him from bringing an access-to-courts claim pursuant to Section 1983. *Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal case satisfied state's obligation to provide legal assistance and prisoner had no right to demand law library access in the alternative) (citing *United States ex rel. George v. Lane*, 718 F.2d 226, 227, 233 (7th Cir. 1983) ("[N]o constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he choose to refuse the services of court-appointed counsel."). Accordingly, Plaintiff's complaint fails to state a viable claim.

Third, Plaintiff has completely failed to comply with Court orders in this case. Plaintiff was notified on April 25, 2023, that he would need to pay the $402.00 filing fee or apply to proceed *in forma pauperis*, but he has not submitted anything that is responsive to this Order. (Doc. 3). Additionally, on May 16, 2023, Plaintiff was directed to return a consent form regarding the appointment of a United States Magistrate Judge for his case, but he has not returned the form. (Doc. 4). If Plaintiff continues to ignore basic directives, and does not communicate with the Court, his case is also subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Based on the foregoing analysis, the Court finds it appropriate to dismiss Plaintiff's Complaint without prejudice for failure to state a claim. The Court gives leave to file amended pleadings freely, but it does not need to give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment

would be futile).  Plaintiff will be given the opportunity to file an amended complaint because he is a pro se litigant, who is afforded extra deference. If Plaintiff is convinced based on this Order that he cannot file a successful claim, he may also wish to voluntarily withdraw this case so that he does not incur a strike for filing a frivolous lawsuit.  See 28 U.S.C. § 1915(g).[2]

## Disposition

Plaintiff's Complaint is **DISMISSED** without **PREJUDICE** for failure to state a claim. Plaintiff must file an amended complaint, or a motion to dismiss his case on or before **JUNE 30, 2023**. If Plaintiff fails to file anything, his case will be dismissed with prejudice for failure to state a claim and/or failure to comply with a Court order.  If he chooses to proceed, he must also pay the $402.00 filing fee for this action or file a properly completed application for leave to proceed *in forma pauperis* before he can proceed, and failure to do so provides independent grounds for dismissal of this action with prejudice.  The Clerk's Office is **DIRECTED** to send Plaintiff a blank civil rights complaint form and motion for leave to proceed *in forma pauperis* along with this Order.

**IT IS SO ORDERED**.

DATED: 6/2/2023                                                s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **United States District Judge**

---

[2] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."